IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION

| | | |
|---|---|---|
| DORIS ANN BALL, | ) | Case No. |
| | ) | |
| Plaintiff | ) | |
| | ) | Judge |
| | ) | |
| v. | ) | Magistrate Judge |
| | ) | |
| 890 WEATHERWOOD LANE OPERATING | ) | |
| COMPANY, LLC; 890 WEATHERWOOD | ) | |
| LANE OPERATING COMPANY, LLC | ) | |
| T/D/B/A THE REHABILITAITON & | ) | |
| NURSING CENTER OF GREATER | ) | |
| PITTSBURGH; AND THE | ) | |
| REHABILITAITON & NURSING CENTER | ) | |
| OF GREATER PITTSBURGH | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

Defendants 890 Weatherwood Lane Operating Company, LLC; 890 Weatherwood Lane Operating Company, LLC t/d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh; and The Rehabilitation & Nursing Center of Greater Pittsburgh (hereinafter the "Defendants")[1], pursuant to Fed. R. Civ. P. 15(a) and 28 U.S.C. §1653, hereby file this Notice of Removal from the Court of Common Pleas of Westmoreland County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. The grounds for this removal are as follows:

---

[1] The Rehabilitation & Nursing Center of Greater Pittsburgh is not a separate legal entity but instead is the fictitious name for Defendant 890 Weatherwood Lane Operating Company, LLC. Plaintiff improperly named 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh as three separate defendants.

1. The Defendants remove this action pursuant to 28 U.S.C. § 1441(a) because it is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

2. On May 30, 2017, Plaintiff filed her Complaint in Civil Action in the Court of Common Pleas of Westmoreland County, Pennsylvania styled *Doris Ann Ball v. 890 Weatherwood Lane Operating Company, LLC, et al.*, Case Number 2776 of 2017 (the "State Court Action"). A copy of the docket sheet and all other documents on file with the Westmoreland County Court of Common Pleas in the State Court action are attached hereto as **Exhibit A.**

3. The basis for the Defendants' Notice of Removal is diversity of citizenship pursuant to 28 U.S.C. §1441(a).

4. In her Complaint in the State Court Action, Plaintiff brought claims against the following three defendants:

   a. 890 Weatherwood Lane Operating Company, LLC;

   b. 890 Weatherwood Lane Operating Company, LLC t/d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh; and

   c. The Rehabilitation & Nursing Center of Greater Pittsburgh.

5. The Rehabilitation & Nursing Center of Greater Pittsburgh is not a separate legal entity, but instead is the fictitious name of 890 Weatherwood Lane Operating Company, LLC. Plaintiff improperly named 890 Weatherwood Lane Operating Company, LLC d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh as three separate defendants. (890 Weatherwood Lane Operating Company, LLC and The Rehabilitation & Nursing Center of Greater Pittsburgh are one and the same.

LEGAL\31081854\1

6. Plaintiff's Complaint in the State Court Action alleges three causes of action:

    a. Count I is styled as a claim for "Negligence" against all of the defendants. Count I alleges, in part, misconduct of a reckless, careless and punitive nature. Complaint at ¶ 20. In Count I, Plaintiff requests a judgment "in an amount in excess of the limits of arbitration[2]," in addition to costs, prejudgment interest and attorney's fees. *Id.* at p. 8 at *ad damnum* clause.

    b. Count II is styled as a claim for "Negligent Training and Supervision" against all of the defendants. Count II alleges, in part, misconduct of a reckless, careless and punitive nature. Complaint at ¶ 23. In Count II, Plaintiff requests a judgment "in an amount in excess of the limits of arbitration," in addition to costs and punitive damages. *Id.* at p. 9 at *ad damnum* clause. Count II is not pled in the alternative to the other counts of the Complaint.

    c. Count III is styled as a claim for "Negligent Infliction of Emotional Distress" against all of the defendants. Count III alleges, in part, misconduct of a reckless, careless and punitive nature. Complaint at ¶ 26. In Count II, Plaintiff requests a judgment "in an amount in excess of the limits of arbitration," in addition to costs and punitive damages. *Id.* at p. 11 at *ad damnum* clause. Count III is not pled in the alternative to the other counts of the Complaint.

7. This action is removable pursuant to 28 U.S.C. § 1441(a) because the district courts of the United States have original jurisdiction over this action based on diversity of citizenship under § 1332.

---

[2] Pursuant to Westmoreland County Local Rule W1301: Compulsory arbitration of matters as authorized by the Judicial Code, 42 Pa. C.S. Section 7361 as amended, shall apply to all cases at issue where the aggregate amount in controversy shall be Thirty Thousand Dollars ($30,000.00) or less.

LEGAL\31081854\1

8. Removal to this Court is proper because this is the "district and division embracing the place where [the state court] action is pending." 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 118(c).

9. Promptly after the filing of this Notice of Removal, the Defendants will provide written notice thereof to all adverse parties, and filed a copy thereof with the Prothonotary of the Westmoreland County Court of Common Pleas. *See* 28 U.S.C. § 1446(d).

## I. DIVERSITY OF CITIZENSHIP

### A. Citizenship of Plaintiff

10. Plaintiff is a citizen of the Commonwealth of Pennsylvania. Complaint at ¶ 26.

### B. Citizenship of the Defendants

11. 890 Weatherwood Lane Operating Company, LLC is not a citizen of Pennsylvania. Thus, complete diversity exists.

12. 890 Weatherwood Lane Operating Company, LLC is a Delaware limited liability company with an address of 173 Bridge Plaza North, Fort Lee, New Jersey 07024. The sole member of 890 Weatherwood Lane Operating Company, LLC is THCI Company, LLC ("THCI Company"). See Declaration of Justine Cottrell ("Cottrell Declaration") ¶ 4, attached hereto as **Exhibit B.**

13. THCI Company is a Delaware limited liability company. The sole member of THCI Company is THCI Holding Company, LLC ("THCI Holding Company"). *Id* at ¶ 5.

14. THCI Holding Company is a Delaware limited liability company. The sole member of THCI Holding Company is Care Realty, LLC ("Care Realty"). *Id.* at ¶ 6.

15. Care Realty is a Delaware limited liability company whose members are all citizens of the State of New Jersey, New York, or Rhode Island. None of the members of Care Realty are citizens of the Commonwealth of Pennsylvania. *Id.* at ¶ 7

16. For diversity purposes, the Defendants are deemed to be citizens of New Jersey, New York or Rhode Island, but not Pennsylvania. *See* 28 U.S.C. 1441(a); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 420 (3rd Cir. 2010) (the citizenship of a limited liability company is determined by that of its members), *see also* Cottrell Declaration at 7.

17. Removal of this action on the basis of diversity of citizenship is permitted under 28 U.S.C. § 1441(b) because none of the Defendants are a citizen of the Commonwealth of Pennsylvania.

18. Additionally, Removal is not prohibited by § 1446(c)(1) because the removal is not more than one year after the commencement of this action.

## II.   AMOUNT IN CONTROVERSY

19. This action is removable under 28 U.S.C. § 1332(a) because any fair reading of the Complaint demonstrates that Plaintiff is seeking an amount in excess of $75,000.

20. For analysis of the amount in controversy, this Court must consider Plaintiff's request for damages. The amount in controversy is determined by "a reasonable reading of the value of the rights being litigated," rather than "the low end of an open ended claim..." *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir.1993) (citations omitted). The complaint alleges claims for negligence, negligent supervision and training, and negligent infliction of emotional distress. The damages alleged include "[g]reat pain, suffering, inconvenience, embarrassment, mental anguish and emotional and psychological trauma;" as well as "inability to enjoy various

pleasures of life that were previously enjoyed." Complaint at ¶ 17. Plaintiff also claims that she "will be required to expend large sums of money for medical treatment and supplies..." *Id.*

21.     The Complaint pleads three separate causes of action. For each of these three causes of action, Plaintiff requests judgment "against all Defendants, in an amount *in excess* of arbitration limits,..." which in Westmoreland County is $30,000. Complaint at pp. 8, 9 and 11 (emphasis added). None of Plaintiff's causes of action are alleged in the alternative. As such, the Complaint discloses an amount in controversy of at least $90,000.00. *See Government of Virgin Islands v. Sun Island Car Rentals, Inc.*, 819 F.2d 430, 432 (3rd Cir., 1987) ("[A]ggregation of claims to reach the jurisdictional minimum is permitted when a single plaintiff joins all of its claims against a single defendant or jointly liable multiple defendants") (citations omitted).

22.     These claims demonstrate that the jurisdictional minimum of § 1332(a) is satisfied. *See Sun Island, supra.*

### III.     THIS REMOVAL IS TIMELY

23.     Pursuant to 28 U.S.C. § 1446(b)(1), a notice of removal must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief...."

24.     The Defendants filed its Notice of Removal within thirty days from its receipt of Plaintiff's Complaint. Thus removal was timely pursuant to the time limit set forth in 28 U.S.C. § 1446(b) (1).

WHEREFORE, Defendants 890 Weatherwood Lane Operating Company, LLC; 890 Weatherwood Lane Operating Company, LLC t/d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh; and The Rehabilitation & Nursing Center of Greater Pittsburgh give notice that the above-captioned action filed by the Plaintiff in the Court of Common Pleas of

Westmoreland County, Pennsylvania is hereby removed to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.

Dated: June 20, 2017

Respectfully submitted,

COZEN O'CONNOR PC

By: /s/ Matthew F. Smith
    Eugene A. Giotto, Esquire
    Pa. I.D. #58286
    egiotto@cozen.com
    Matthew F. Smith, Esquire
    Pa. I.D. #82194
    msmith@cozen.com
    Cozen O'Connor
    One Oxford Centre, 26th Floor
    301 Grant Street
    Pittsburgh, PA 15219
    (412) 562-8800

Counsel for 890 Weatherwood Lane Operating Company, LLC; 890 Weatherwood Lane Operating Company, LLC t/d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh; and The Rehabilitation & Nursing Center of Greater Pittsburgh

LEGAL\31081854\1