# Exhibit A
# Notice of Removal

Westmoreland home | e-services | real property | civil court | marriage license | estate search | log out

you are here : homepage > e-services > civil court search >details

**Case :** 17CI02776
DORIS ANN BALL VS. 890 WEATHERWOOD LANE OPERATING COMPANY LLC/DBA
**Filed Date:** 2017-05-30
**Case Type/Subtype:** MEDICAL
**Status:** ACTIVE
**Judge:** CHRIS SCHERER

## PARTIES

| Party Type | Party Name |
|---|---|
| DEFENDANT | 890 WEATHERWOOD LANE OPERATING COMP |
| DEFENDANT | REHABILITATION & NURSING CENTER OF |
| PLAINTIFF ATTY | MAKOSKI RONALD C |
| PLAINTIFF | BALL DORIS ANN |

## EVENTS

## FILINGS

| Image | Date | Description |
|---|---|---|
| Go | 2017-05-30 | CERTIFICATE OF MERIT OF 890 WEATHERWOOD LANE OPERATING |
| Go | 2017-05-30 | COMPLAINT CIVIL ACTION |

instructions | feedback | faq | disclaimer

Powered By: Electronic Government Solutions ™  (EGS™)

© Copyright 2001, 2008 Electronic Government Solutions

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

Doris Ann Ball,

        Plaintiff,

vs.

890 Weatherwood Lane
Operating Company, LLC;
890 Weatherwood Lane
Operating Company, LLC t/d/b/a
The Rehabilitation & Nursing Center
Of Greater Pittsburgh; and The Rehabilitation
& Nursing Center of Greater Pittsburgh

        Defendants

Civil Division

Docket No.: 2776 of 2017

**COMPLAINT IN CIVIL ACTION**

**JURY TRIAL DEMANDED**

Filed on Behalf of the:
PLAINTIFF

Counsel of Record for the Party:

Matthew R. Makoski, Esquire
PA ID: 312246

152 E. Otterman Street
Greensburg, PA 15601

724-832-7420 (telephone)
724-832-8130 (fax)

FILED IN
PROTHONOTARY'S OFFICE

MAY 30 2017

BY: _____
CLERK

## IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

Doris Ann Ball,

    Plaintiff,

vs.

890 Weatherwood Lane
Operating Company, LLC;
890 Weatherwood Lane
Operating Company, LLC t/d/b/a
The Rehabilitation & Nursing Center
Of Greater Pittsburgh; The Rehabilitation
& Nursing Center of Greater Pittsburgh

    Defendants

Civil Division

Docket No.:

**Complaint in Civil Action**

### NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defense or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

    YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

    IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

**Lawyer Referral Service**
**P.O. Box 565**
**Greensburg PA 15601-0565**
**724-834-8490**

**IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA**

Doris Ann Ball,                      Civil Division

       Plaintiff,                   Docket No.:

vs.

                                       **Complaint in Civil Action**

890 Weatherwood Lane
Operating Company, LLC;
890 Weatherwood Lane
Operating Company, LLC t/d/b/a
The Rehabilitation & Nursing Center
Of Greater Pittsburgh; The Rehabilitation
& Nursing Center of Greater Pittsburgh

       Defendants

**Complaint in Civil Action**

AND NOW comes the Plaintiff Doris Ann Ball, by and through her attorney Matthew R. Makoski, Esquire and complains and alleges as follows:

1. Plaintiff Doris Ann Ball (hereinafter "Plaintiff") is an adult individual with a last known address of 9 Carriage Road, Greensburg, Pennsylvania, 15601.

2. Defendant 890 Weatherwood Lane Operating Company, LLC is a limited liability company organized under the law of the State of Delaware maintaining a registered agent at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

3. Defendant 890 Weatherwood Lane Operating Company, LLC t/d/b/a

The Rehabilitation & Nursing Center of Greater Pittsburgh, is a limited liability company organized under the law of the State of Delaware and doing business within the Commonwealth of Pennsylvania with a registered agent located at 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

4. Defendant 890 Weatherwood Lane Operating Company, LLC is a limited liability company organized under the laws of the State of Delaware and owns and operates a rehabilitation and nursing facility located at 890 Weatherwood Lane, Greensburg, Pennsylvania 15601 and operates under the fictitious name of The Rehabilitation & Nursing Center of Greater Pittsburgh.

5. Defendant The Rehabilitation & Nursing Center of Greater Pittsburgh is a nursing facility located at 890 Weatherwood Lane, Greensburg, Pennsylvania, 15601.

6. Defendants 890 Weatherwood Lane Operating Company, LLC and 890 Weatherwood Lane Operating Company, LLC t/d/b/a The Rehabilitation & Nursing Center of Greater Pittsburgh and The Rehabilitation & Nursing Center of Greater Pittsburgh shall hereinafter be collectively referred to as ("Defendants").

7. At all times relevant and material hereto, Defendants did own, operate, controlled and maintained a rehabilitation and nursing facility located at 890 Weatherwood Lane, Greensburg, Pennsylvania, 15601 hereinafter referred to as the ("Premises").

8. At all times relevant and material hereto, Defendants acted by and through its agents, servants, representatives, assignees and subsidiaries.

9. On or about October 5, 2015 the Plaintiff became a resident and business invitee at the Defendants' nursing facility for the purpose of obtaining rehabilitation and nursing services.

10. Upon her arrival at the Defendants' facility, an intake assessment was performed to determine the goals of treatment and to assess her fall risk level.

11. After completing the assessment, it was determined and documented that the Plaintiff was at risk for falls due to impaired balance, poor coordination, unsteady gait, medication side effects, history of falls, sensory deficit, weakness and pain.

12. Plaintiff, as a business invitee is owed the highest possible duty of care by the Defendants.

13. As a result of the Plaintiff's documented risk of falls, the Defendants at all times relevant and material hereto owed the Plaintiff a duty of care to ensure that she was adequately assisted during her Activities of Daily Living to ensure that the Plaintiff did not suffer a fall and related injuries.

14. On or about the evening of October 19, 2015, the Plaintiff was getting ready to go to sleep and was permitted to go into the bathroom for the purpose of bathing and toileting. She was unattended and allowed to do so without the assistance of any nursing staff or attendants despite clear instructions to provide assistance by at least one nurse or attendant.

15. As a direct and proximate result of the Defendants' aforementioned

breach of the duty of care owed to the Plaintiff, the Plaintiff suffered a serious fall in the bathroom.

16. As a direct and proximate result of the negligent, careless, reckless and wanton conduct of the Defendants in the above described incident, the Plaintiff has sustained the following injuries, some of which may be permanent in nature:

    a.) Four fractured ribs;

    b.) Hemopneumothorax

    c.) Subcutaneous emphysema

    d.) Hypoxia

    e.) Bruises, contusions and other injuries in or about the nerves, muscles, bones, tendons, ligaments, tissues and vessels of the body;

    f.) Nervousness, mental and emotional distress, anxiety and depression.

17. As a direct and proximate result of the negligent, careless Reckless and wanton conduct of the Defendants as set forth above, the Plaintiff has suffered the following damages, some or all of which may be permanent in nature:

    a.) Great pain, suffering, inconvenience, embarrassment, mental anguish and emotional and psychological trauma;

    b.) Plaintiff will be required to expend large sums of money for medical treatment and care, hospitalization, medical supplies, surgical appliances, rehabilitation, therapeutic treatment, medicines, and other attendant services;

    c.) Inability to enjoy the various pleasures of life that were previously enjoyed;

    d.) Loss and impairment of general health, strength and vitality.

## COUNT I – Negligence

18. Plaintiff hereby incorporates herein by reference all preceding Paragraphs and allegations as if set forth fully herein.

19. At all times, relevant and material to this Complaint, the Defendants as the owners and operators of The Rehabilitation & Nursing Center of Greater Pittsburgh, acting by and through its agents, servants, representatives, assignees and subsidiaries, owed its business clients and patients, namely the Plaintiff, a high duty of care to adequately assist the Plaintiff during her Activities of Daily Living to ensure that the Plaintiff did not suffer a fall or other injuries, including, but not limited to the injury risks identified in her intake and fall risk assessment.

20. The negligent, careless, reckless and wanton acts of the Defendants acting by and through its agents, servants, representatives, assignees and subsidiaries were the direct and proximate cause of the aforementioned injuries and damages both generally and in the following particular respects:

    a.) Negligently and carelessly allowing the Plaintiff to be left alone in the bathroom while she was bathing and/or toileting despite clear instructions in the Plaintiff's fall risk assessment to provide the assistance of at least one nurse during such activities;

WHEREFORE, Plaintiff, Doris Ann Ball claims of the Defendants, jointly and severally, a sum in excess of the Arbitration limits of the Court of Common Pleas of Westmoreland County, Pennsylvania together with costs, prejudgment interest and attorney's fees as permitted by law.

## COUNT II – Negligent Training and Supervision

21. Plaintiff hereby incorporates herein by reference all preceding Paragraphs and allegations as if set forth fully herein.

22. At all times, relevant and material to this Complaint, the Defendants as the owners and operators of The Rehabilitation & Nursing Center of Greater Pittsburgh, acting by and through its agents, servants, representatives, assignees and subsidiaries, owed its patients, namely the Plaintiff, a high duty of care, including, but not limited to the duty to provide a staff that had been adequately and properly trained, instructed and supervised to follow the necessary and appropriate protocols so as to insure that its patients, namely the Plaintiff, receive proper care and protection in order to prevent falls and injuries.

23. The negligent, careless reckless and wanton conduct of the Defendants as the owners and operators of The Rehabilitation & Nursing Center of Greater Pittsburgh, acting by and through its agents, servants, representatives, assignees and subsidiaries was the direct and proximate cause

of the aforementioned injuries and damages both generally and in the following particular respects:

    a.) By failing to properly and adequately train its employees, agents, servants, representatives, assignees and subsidiaries in the proper handling and care of a patient who is a documented fall risk;

    b.) By failing to properly and adequately train, instruct and inform its employees, agents, servants, representatives, assignees and subsidiaries in the importance of providing proper assistance to a patient that is a documented fall risk;

    c.) By failing to properly and adequately train, instruct and inform its employees, agents, servants, representatives, assignees and subsidiaries of the dangers and inherent risks of allowing a patient who is a documented fall risk to perform the Activities of Daily living without the necessary assistance as prescribed in the Defendants intake and fall risk assessment documents;

    d.) By failing to properly and adequately supervise its employees, agents, servants, representatives, assignees and subsidiaries in the performance of their job activities to ensure that proper care and assistance is provided to patients, namely the Plaintiff, a documented fall risk.

WHEREFORE, Plaintiff, Doris Ann Ball claims of the Defendants, jointly and severally, a sum in excess of the Arbitration limits of the Court of Common Pleas of Westmoreland County, Pennsylvania together with costs, prejudgment interest and attorney's fees as permitted by law.

## COUNT III – Negligent Infliction of Emotional Distress

24. Plaintiff hereby incorporates herein by reference all preceding Paragraphs and allegations as if set forth fully herein.

25. At all times, relevant and material to this Complaint, the Defendants as the owners and operators of The Rehabilitation & Nursing Center of Greater Pittsburgh, acting by and through its agents, servants, representatives, assignees and subsidiaries, owed its patients, namely the Plaintiff, a high duty of care to adequately assist the Plaintiff during her Activities of Daily Living so as to ensure that the Plaintiff did not suffer a fall or other injuries, and to provide a staff that was adequately trained and supervised so that the Plaintiff would not suffer a fall or other injuries that would cause the Plaintiff to suffer severe emotional distress.

26. The negligent, careless reckless and wanton conduct of the Defendants as the owners and operators of The Rehabilitation & Nursing Center of Greater Pittsburgh, acting by and through its agents, servants, representatives, assignees and subsidiaries was the direct and proximate cause of the aforementioned injuries and damages, suffered by the Plaintiff, including but not limited to severe emotional distress, both generally and in the following particular respects:

      a.) Negligently, carelessly, recklessly and wantonly allowing the Plaintiff to be left alone in the bathroom while she was bathing and/or toileting despite clear instructions in the Plaintiff's fall risk assessment to provide assistance during such activities;

      b.) By failing to properly and adequately train its employees,

agents, servants, representatives, assignees and subsidiaries in the proper care and handling of a patient who is a documented fall risk;

WHEREFORE, Plaintiff, Doris Ann Ball claims of the Defendants, jointly and severally, a sum in excess of the Arbitration limits of the Court of Common Pleas of Westmoreland County, Pennsylvania together with costs, prejudgment

**JURY TRIAL DEMANDED**

Respectfully submitted,

*[signature]*

Matthew R. Makoski, Esquire
Counsel for Plaintiff

## VERIFICATION

I verify that the statement and averments in this **Complaint in Civil Action** are true and correct. I understand that false statements herein are made subject to penalties of 18 Pa. C.S. §4904, relating to unsworn falsification to authorities.

_____
Doris Ann Ball

_4-26-2017_
Date

IN THE COURT OF COMMON PLEAS OF WESTMORELAND COUNTY, PENNSYLVANIA

Doris Ann Ball,

        Plaintiff,

vs.

890 Weatherwood Lane
Operating Company, LLC;
890 Weatherwood Lane
Operating Company, LLC t/d/b/a
The Rehabilitation & Nursing Center
Of Greater Pittsburgh; and The Rehabilitation
& Nursing Center of Greater Pittsburgh

        Defendants

Civil Division

Docket No.: 2776 of 2017

**Certificate of Merit**

I, Matthew Makoski, Esquire, certify that:

☐ an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

AND/OR

☐ the claim that this defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

OR

☒ expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this defendant.

_____
Matthew Makoski, Esquire
Counsel for Plaintiff

5/30/17
Date

FILED IN
PROTHONOTARY'S OFFICE

MAY 30 2017

BY: _____
CLERK